IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:15-CV-186-BO

| | |
|---|---|
| CYNTHIA H. BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DEPARTMENT OF THE NAVY, ) | |
| RAY MABUS, SECRETARY, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on defendant's motion to dismiss. Plaintiff has responded in opposition, and the matter is ripe for ruling. For the reasons discussed below, defendant's motion to dismiss is GRANTED. [DE 12].

## BACKGROUND

Plaintiff filed the instant suit on August 27, 2015, alleging two causes of action. [DE 1]. First, plaintiff claimed defendant singled her out for termination and ridicule because of her sex, in violation of Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. §2000e-5. Second, plaintiff claimed her employment was terminated because of her age, in violation of the Age Discrimination in Employment Act (ADEA). *See* 29 U.S.C. § 621, et seq. Plaintiff claimed her termination was wrongful and that she has suffered lost wages and benefits, humiliation, and emotional distress as a result. Plaintiff sought a jury trial, lost wages, damages, and costs. [DE 1].

Plaintiff, an African-American female, worked as a Human Resources Assistant (GS-5) at Camp Lejeune in North Carolina at all relevant times. [DE 1]. Plaintiff had been employed by the federal government since 1992. *Id.*

On May 14, 2010, the Department of the Navy Central Adjudication Facility (DONCAF) issued a letter to plaintiff detailing its "Intent to Deny Eligibility for Security Clearance and Assignment to a Sensitive Position." [DE 13-2]. Plaintiff signed an "Acknowledgement of Receipt of Letter of Intent (LOI)" on May 25, 2010. [DE 13-3]. On June 3, 2010, the DONCAF issued its final decision sustaining revocation of plaintiff's security clearance and eligibility for any position of a sensitive nature; plaintiff was informed of this on June 10, 2010. [DE 13-4, 1]. On that date, plaintiff's supervisor informed her she would be placed on administrative leave for ten days to have time to respond. Also on that day, plaintiff states she was immediately escorted out of her workplace. [DE 1]. On July 1, 2010, plaintiff responded asking for reconsideration of the revocation and providing several reasons she believed supported her argument. [DE 13-5].

The same day, plaintiff filed an EEO intake form. [DE 13-6]. Plaintiff indicated her complaint was due to discrimination because of sex, age, and other (writing in "proposed removal and administrative leave"). *Id.* Plaintiff then filed a formal complaint of discrimination on July 29, 2010. [DE 13-7]. On this form, plaintiff indicated the bases of discrimination were color and sex; plaintiff left the "age" option unchecked. *Id.* At the time of the formal complaint, plaintiff had not been formally or finally removed from her position.

The Department of the Navy issued a notice of removal for plaintiff on August 26, 2010. [DE 13-8]. The notice of removal indicated that plaintiff was being removed from the position for failure to maintain security clearance. *Id.* In the notice, plaintiff was informed that she would have thirty days after the effective date (August 27, 2010) to appeal the action to the Merit Systems Protection Board (MSPB). *Id.*

On September 22, 2010, the Navy Pay and Personnel Support Center Equal Employment Opportunity Officer issued a notice of dismissal of plaintiff's claims of discrimination. [DE 13-

2

Case 7:15-cv-00186-BO Document 15 Filed 04/01/16 Page 2 of 9

9]. The notice indicated plaintiff's EEO claim was being dismissed as it was based on a proposal to take a preliminary step in a personnel action, rather than "an injury in fact or a 'direct, personal deprivation' affecting a term, condition, or privilege of [her] employment." *Id.* Plaintiff was also informed she would have 30 days to file a notice of appeal with the EEOC or that she could file a civil action in United States District Court. *Id.*

Plaintiff elected to appeal her removal decision to the MSPB, which issued its initial decision on December 10, 2010. [DE 13-10]. The MSPB affirmed the agency's removal decision, finding that "[t]he appellant's removal was a reasonable action since she 'failed to maintain a security clearance and eligibility for assignment to a sensitive position,'" which was a requirement of her position. *Id.* Plaintiff was told the initial decision would become final on January 14, 2011, unless she submitted a petition for review by that date or the Board reopened the case on its own motion. *Id.*

Plaintiff filed a petition for review on January 12, 2011. [DE 13-11]. This petition was denied in the final order of the MSPB issued on September 30, 2011. [DE 13-12]. This order made the MSPB's initial decision the final decision of the Board. *Id.*

During this time, plaintiff did not end her attempt at an EEO claim. On October 14, 2010, after she had appealed to the MSPB, plaintiff filed a notice of appeal/petition to the EEOC's Office of Federal Operations. [DE 13-13]. The Office of Federal Operations issued a decision on February 17, 2012, which reversed and remanded the previous dismissal for further proceedings. [DE 13-14]. An investigation was conducted and submitted to the Office of Federal Operations on June 14, 2012. [DE 13-15].

On February 4, 2013, the Raleigh area EEOC Office issued a decision on whether plaintiff was discriminated against because of her age and sex. [DE 13-16]. The administrative

3

Case 7:15-cv-00186-BO  Document 15  Filed 04/01/16  Page 3 of 9

judge granted the agency's motion for summary judgment, finding that plaintiff did not prove discrimination as alleged by a preponderance of the evidence. *Id.*

Plaintiff appealed, and the EEOC Office of Federal Operations issued a decision on May 28, 2015, affirming the agency and finding "legitimate, nondiscriminatory reasons for placing [plaintiff] on administrative leave and escorting her from the building," as plaintiff "has failed to show these reasons were pretext to mask discrimination or otherwise prove discrimination." [DE 13-17]. The EEOC decision also dismissed the "proposed removal and removal issues" without deciding, as "the adjudication of the removal issue [via appeal to the MSPB] was tantamount to an election of remedies thereon," and, thus, plaintiff was "estopped from litigating the issue of the removal in the EEO forum." *Id.* Plaintiff filed the instant suit on August 27, 2015. [DE 1].

## DISCUSSION

Defendant moves to dismiss on two grounds: (1) lack of subject matter jurisdiction as to the discrimination claim and (2) failure to state a claim on which relief can be granted as to the manner of removal.

I.    Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647–50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The moving party should prevail only if the material jurisdictional facts are not in dispute and the

4

moving party is entitled to prevail as a matter of law. *Id.* (citing *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)).

Defendant moves to dismiss for lack of subject matter jurisdiction, arguing that plaintiff's case is a "mixed case," and a final decision was already reached in plaintiff's case based on her appeal to the MSPB. "A mixed case complaint is a complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB)." 29 CFR § 1614.302(a)(1). The pertinent statute provides that "[a]n aggrieved person may initially file a mixed case complaint with an agency pursuant to this part or an appeal on the same matter with the MSPB pursuant to 5 CFR 1201.151, but not both." 29 CFR § 1614.302(a)(2). When an aggrieved person *does* pursue both a mixed case complaint and an appeal with the MSPB, "whichever is filed first shall be considered an election to proceed in that forum." 29 CFR § 1614.302(b). In instances wherein complainant has previously elected to proceed under the MSPB, the agency may dismiss a mixed case. 29 CFR § 1614.302(c)(2); 29 CFR § 1614.107(a)(4).

Here, plaintiff's initial EEO complaint was dismissed as premature because it was just "a proposal to take, or a preliminary step in taking a personnel action." [DE 13-9]. By the time of the complaint's dismissal, however, plaintiff's proposed removal had become an actual removal. [DE 13-9]. Once the removal became actual, plaintiff's first choice of remedy was an appeal to the MSPB. [DE 13-10]. Therefore, as the EEOC later noted "[plaintiff] effectively elected the MSPB forum on the issue of her removal, and is estopped from litigating the issue of the removal in the EEO forum." [DE 13-17]. Recognizing that the EEOC was estopped from "establishing

5

jurisdiction in a second forum when involve [*sic*] issues have been decided," the EEOC dismissed plaintiff's "proposed removal and removal issues." *Id.*

Thus, the removal matter was decided by the MSPB's final order of September 30, 2011, which upheld the MSPB's initial decision affirming the agency's removal action. [DE 13-10]. In the MSPB's final order, plaintiff was told she had the right to appeal to the United States Court of Appeals for the Federal Circuit for review within 60 calendar days of receiving the final order. [DE 13-12]. Plaintiff apparently elected not to do so. [*See* DE 13-17]. Thus, the MSPB decision was the final decision on the matter, and this Court does not have jurisdiction to review the proposed removal and removal action. Indeed, the EEOC decision which plaintiff appeals in the instant action did not even consider the proposed removal and removal action as it had already been finally decided by the MSPB. *Id.*

For all the reasons above, the Court grants defendant's motion under Rule 12(b)(1).

II.     Failure to State a Claim Upon Which Relief Can be Granted

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a matter if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When acting on the motion, the Court is to "view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). However, the Court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Although

complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Having argued for dismissal of the discrimination issue on jurisdictional grounds, defendant moves to dismiss under Rule 12(b)(6) on the narrow issue of plaintiff's complaint as to the manner in which she was removed—specifically, being placed on administrative leave and escorted from the building. Plaintiff claims that these actions caused her great embarrassment and that other similarly-situated workers were not treated in the same way. [DE 1]. However, the facts as pled in the complaint do not suffice to create a claim upon which relief can be granted.

A plaintiff can make a prima facie case for disparate treatment under a theory of discrimination or retaliation. To do so, the plaintiff must demonstrate an adverse action in circumstances that support an inference of discrimination or retaliation. Here, plaintiff has pled no facts to indicate that her removal was retaliatory in nature, so the Court considers it under a discrimination theory.

"Disparate treatment occurs when an employer treats certain people less favorably than others on the basis of a protected classification such as race." *Carter v. Ball*, 33 F.3d 450, 456 n.7 (4th Cir. 1994). To establish a prima facie case of disparate treatment, plaintiff must show that (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; and (3) similarly-situated employees outside her class received more favorable treatment. *See Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981); *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 336–37 (4th Cir. 2011). If plaintiff makes a prima facie case of

7

discrimination, the burden shifts to the employer to demonstrate a legitimate, non-discriminatory reason for the employment action. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973). If the employer carries this burden, the plaintiff then must demonstrate that the employer's reasons were pretextual. *Texas Dep't of Cmty. Affairs*, 450 U.S. at 253.

Here, plaintiff alleged that "there were civilian contractors and military personnel who did not have security clearances and were not treated in the same manner." [DE 1]. However, plaintiff pled insufficient facts to support this allegation. Plaintiff includes no facts to demonstrate that the other civilian contractors and military personnel she references were similarly-situated. Indeed, plaintiff's complaint is exactly what the established Rule 12(b)(6) case law prohibits: a "bare assertion[] devoid of further factual enhancement." *See Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). As such, it cannot stand. Accordingly, defendant's Rule 12(b)(6) motion on this issue of plaintiff's complaint is granted.

\* \* \*

Finally, the Court notes that plaintiff's complaint mentions that she was subjected to a hostile work environment. To the extent plaintiff is attempting to maintain a separate claim on those grounds, the claim fails. A hostile work environment occurs "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) (internal citation omitted) (internal quotation marks omitted). Here, plaintiff has pled no facts to support a claim that her workplace was permeated with intimidation, ridicule, or insult, or that it was sufficiently severe or pervasive to alter the conditions of her employment. Accordingly, any hostile work environment claim also fails.

## CONCLUSION

For all the reasons discussed above, defendant's motion to dismiss is GRANTED. [DE 12]. The clerk is directed to close the case.

SO ORDERED, this __31__ day of __March__, 2016.

_Terrence W. Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9